UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:16-CV-00166-JHM

OWENSBORO HEALTH FACILITIES, L.P.
d/b/a TWIN RIVERS NURSING AND
REHABILITATION CENTER, et al                                          PLAINTIFFS

v.

BRUCE CANARY AND SUE BOEMAN,
AS CO-ADMINISTRATORS OF THE
ESTATE OF HELEN CANARY, DECEASED                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Owensboro Health Facilities, L.P., d/b/a Twin Rivers Nursing and Rehabilitation Center, Preferred Care Partners Management Group, L.P., Preferred Care of Delaware, Inc., d/b/a Preferred Care, Inc., and Kentucky Partners Management, LLC's ("Plaintiffs") motion to compel arbitration and enjoin Defendants [DN 5], and the motion by Defendants Bruce Canary and Sue Boeman, as co-administrators of the estate of Helen Canary, to dismiss [DN 10]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Helen Canary was a resident of Twin Rivers Nursing and Rehabilitation Center ("Twin Rivers") from February 9, 2013, until August 3, 2015. On May 6, 2009, well before Canary was a resident at Twin Rivers, she executed a "Durable General Power of Attorney" in which she named her daughter, Betty Greenwell, as her attorney-in-fact. [DN 1-3]. This power of attorney granted Greenwell the power to

> execute, acknowledge, seal, and deliver any deeds, mortgages, leases, contracts, liens, releases or other instruments in any form my attorney-in-fact deems proper . . . to file, prosecute, enforce, defend, answer or oppose all legal proceedings in any matter in

> which I have any interest or concern; to compromise or engage in any kind of alternative dispute resolution regarding any matter . . .

(Durable General Power of Attorney [DN 1-3] ¶¶ 4–5) (subdivisions omitted).  With this power of attorney, Greenwell (now named Betty Hatfield [DN 1-4]) executed the paperwork for Canary upon her admission to Twin Rivers on February 9, 2013.

Included with Canary's admission paperwork was a form titled "Alternative Dispute Resolution Agreement - Kentucky" ("ADR Agreement").  [DN 1-1].  Under the title, the form states in bold text and capital letters, "Signing this agreement is not a condition of admission to or continued residence in the center."  The form states, in pertinent part, that

> [t]he Parties voluntarily agree that any disputes covered by this Agreement . . . that may arise between the Parties shall be resolved exclusively by an ADR process that shall include mediation and, where mediation does not successfully resolve the dispute, binding arbitration.
> . . .
>
> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Center that would constitute a legally cognizable cause of action in a court of law sitting in the Commonwealth of Kentucky and shall include, but not be limited to . . . tort; breach of contract; fraud; misrepresentation; negligence; gross negligence; malpractice; death or wrongful death and any alleged departure from any applicable federal state, or local medical, health care, consumer or safety standard.  Covered Dispute shall include the determination of the scope of or applicability of this Agreement to mediate/arbitrate.

(ADR Agreement [DN 1-1] ¶¶ 3–4).

On November 30, 2016, the Defendants filed an action in Daviess Circuit Court against the Plaintiffs in this case, as well as two administrators at Twin Rivers and three unknown defendants.  [DN 1-2].  This action asserts claims of negligence, medical negligence, corporate negligence, a violation of long-term care resident's rights, and wrongful death.  The Plaintiffs

2

then filed the present action, seeking enforcement of the ADR Agreement [DN 1], and they subsequently filed a motion to compel arbitration and enjoin the Defendants. [DN 5]. The Defendants have filed a motion to dismiss the present action. [DN 10].

## II. DISCUSSION

### A. MOTION TO DISMISS

The Court begins with the Defendants' motion to dismiss. The motion makes numerous arguments in favor of dismissal, but all of the asserted grounds for dismissal have been raised by defense counsel in other cases before this Court and others, and they have been denied by the courts in those cases. *E.g., Owensboro Health Facilities, L.P. v. Henderson*, 2016 WL 2853569 (W.D. Ky. May 12, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, 2016 WL 815295 (W.D. Ky. Feb 29, 2016). The Court will briefly address each.

#### 1. FAILURE TO JOIN A NECESSARY PARTY

The Defendants first argue that the action should be dismissed for the failure to join the two administrators who are named defendants in the state court action, as those two individuals are necessary and indispensable parties under Fed. R. Civ. P. 19. However, "[t]he Court can and will decide the entire controversy without the administrators being named in the suit," as the administrators "have the same interest as [the corporate defendants] in this case: to compel arbitration." *Watkins*, 2016 WL 815295, at *2–3. Nor will the existing parties "incur inconsistent obligations" if the administrators are not joined. *Id.* at *3. Therefore, Rule 19 does not apply, and the Court will not dismiss for the failure to join the administrators. *Accord Henderson*, 2016 WL 2853569, at *2, *Preferred Care of Delaware v. Blankenship*, 2016 WL 7192127, at *2 (W.D. Ky. Dec. 12, 2016).

### 2. *COLORADO RIVER* ABSTENTION

Next, the Defendants argue that the Court should abstain from exercising jurisdiction pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under *Colorado River*, if there are parallel state and federal actions, the Court is to weigh eight factors in determining if abstention is proper. The factors include

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; ... (4) the order in which jurisdiction was obtained[;] ... (5) whether the source of governing law is state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). The Court in *Watkins* analyzed all eight considerations and found that, in a very similar case, "[n]early every factor weighs against abstention," *Watkins*, 2016 WL 815295, at *4.

> First, property is not at issue. Second, this Court is just as convenient for the parties as the state court; the two courts sit in the same city. Third, the Court will compel arbitration here, which will completely avoid any piecemeal litigation. Fourth, this Court obtained jurisdiction over the arbitration issue first. Fifth, the governing law here, the FAA, is federal. Sixth, it is unlikely that the state court will adequately protect [the Plaintiffs'] contractual right to arbitrate in light of the Kentucky Supreme Court's recent holding in *Extendicare Homes, Inc. v. Whisman*, [478 S.W.3d 306 (Ky. 2016)]. Seventh, the proceedings are at the same point. And eighth, there is concurrent jurisdiction.

The analysis in this case is nearly identical. Thus, the Court will not abstain from exercising jurisdiction. *Accord Henderson*, 2016 WL 2853569, at *2, *Blankenship*, 2016 WL 7192127, at *2.

### 3. FAILURE TO STATE A CLAIM

The Defendants make three arguments in favor of dismissal pursuant to Fed. R. Civ. P. 12(b)(6). First, they argue that the agreement is unenforceable under the Federal Arbitration Act ("FAA") as it does not evidence a transaction involving interstate commerce. However, "[m]any cases have found that the FAA applies to arbitration agreements involving nursing home residents," with these cases recognizing "that it would be impracticable for the nursing home to procure all goods necessary for the daily operations purely through intrastate channels." *Preferred Care of Delaware, Inc. v. Crocker*, 173 F. Supp. 3d 505, 514 (W.D. Ky. 2016) (citations omitted). Thus, the Court rejects this argument.

Second, the Defendants argue that Greenwell did not have the authority to sign the arbitration agreement. The power of attorney signed by Canary gave Greenwell the authority to "compromise or engage in any kind of alternative dispute resolution regarding any matter." [DN 1-3,¶ 5]. This statement clearly gave Greenwell the authority to sign the arbitration agreement. *See Watkins*, 2016 WL 815295, at *5. Thus, this argument is also rejected.

Third, the Defendants argue that arbitration agreement is unconscionable. This argument is "baseless," as "[t]here was nothing either procedurally or substantively unconscionable about this arbitration agreement." *Watkins*, 2016 WL 815295, at *5–6. Voluminous paperwork and disparate bargaining power alone do not make an arbitration agreement unconscionable, especially one that clearly indicates it is not required for admission. Thus, the Court rejects this argument. *Accord Henderson*, 2016 WL 2853569, at *2, *Blankenship*, 2016 WL 7192127, at *2.

### 4. ANTI-INJUNCTION ACT

Finally, the Defendants argue that enjoining the state court action would violate the Anti-Injunction Act, and the case should thus be dismissed. However, "[a]n injunction when

5

compelling arbitration falls into the 'necessary . . . to protect or effectuate [the district court's own] judgments' exception to the Anti-Inunction Act." *Watkins*, 2016 WL 815295, at *6 (quoting *Great Earth*, 288 F.3d at 893). Therefore, the Court will not dismiss the action.

### B. MOTION TO COMPEL ARBITRATION

#### 1. WRONGFUL DEATH CLAIM

The Court now turns to the Plaintiffs' motion to compel arbitration, addressing first the claim for wrongful death. In *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012), the Kentucky Supreme Court held that a wrongful death claim does not derive from any claim on behalf of the decedent but instead belongs to the beneficiary under the wrongful death statute. KRS § 411.130(2). Accordingly, the wrongful death beneficiaries "do not succeed to the decedent's dispute resolution agreements" and are not bound by the decedent's agreement to arbitrate. *Ping*, 376 S.W.3d at 600. The Sixth Circuit likewise has held that a beneficiary is not required to arbitrate the wrongful-death claim and that this rule is not preempted by the FAA. *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 197–98 (6th Cir. 2016). Thus, the Defendants are not required to arbitrate the claim for wrongful death, as the beneficiaries to whom that claim belongs have not consented to arbitrate.

#### 2. DECEDENT'S PERSONAL CLAIMS

Next, the Court turns to the remaining claims asserted by the Defendants in the underlying state action. The Alternative Dispute Resolution Agreement provides that the Kentucky Uniform Arbitration Act ("KUAA"), KRS 417.045 *et seq*., shall govern, with secondary reliance on the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, if for any reason the KUAA "cannot support the enforcement of" the Agreement. [DN 1–1,¶ 5]. However, the Acts "are substantially similar," *Oldham v. Extendicare Homes, Inc.*, 2013 WL 1878937, at *2

(W.D. Ky. May 3, 2013), and the KUAA is interpreted "consistent with the FAA." *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850, 854–57 (Ky. 2004).

"When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). Specifically,

> [w]hen considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc. v. Vigny Int'l Fin., Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also N. Fork Collieries LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010) ("The task of the trial court confronted with" a motion to compel arbitration "is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in the complaint. If an arbitration agreement is applicable, the motion to compel arbitration should be granted") (citations omitted).

In this case, Canary, through her attorney-in-fact Greenwell, and the Plaintiffs entered into an agreement to arbitrate [DN 1–1] that covers the exact type of claims the Defendants have asserted in the state court action. With the exception of the wrongful death claim, all of the Defendants' claims assert some form of negligent care or supervision or a failure to adhere to statutory standards of care, and the agreement explicitly requires arbitration for "any and all disputes . . . in any way relating to this Agreement or to the Resident's stay at the Center . . .

includ[ing] . . . negligence; gross negligence; malpractice . . . and any alleged departure from any applicable federal, state, or local medical, health care, consumer or safety standards." [DN 1–1, ¶ 4]. Further, there are no federal claims asserted that are precluded from arbitration.

Finally, the Court must determine whether to stay the remainder of the proceedings. The Defendants are not required to arbitrate the claim for wrongful death. The issue, though, is whether the Defendants may pursue the claim in state court before the ordered arbitration of the other claims has concluded. Under the Anti-Injunction Act, a district court may enjoin state court proceedings in order "to protect or effectuate its judgments," among other reasons. 28 U.S.C. § 2283. Thus, in order to effectuate its decision compelling arbitration of the decedent's personal claims, the Court will enjoin the state court action pending arbitration.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The Plaintiffs' motion to compel arbitration [DN 5] is **GRANTED IN PART** and **DENIED IN PART**. The Defendants are **ENJOINED** from proceeding against the Plaintiffs in the Daviess Circuit Court action until the conclusion of the ordered arbitration. The parties are **COMPELLED** to arbitrate all claims which are the subject of the Defendants' claims in Daviess Circuit Court except the claim for wrongful death. Counsel shall promptly inform the Daviess Circuit Court of this Memorandum Opinion and Order.

(2) This proceeding is **STAYED** until the conclusion of the ordered arbitration.

(3) The Defendants' motion to dismiss [DN 10] is **DENIED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

March 14, 2017